```
               UNITED STATES BANKRUPTCY COURT
             FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                            )
                                  )       Chapter 13
CHRISTOPHER M. HEYER,             )
KRISTINE M. HEYER,                )       Bankruptcy No. 09-01518
                                  )
     Debtors.                     )
```

**ORDER RE: MOTIONS TO EXTEND DEADLINES**

This matter was heard on October 16, 2009 on Motion to Extend Deadline for Filing Proof of Claim and Motion to Extend Deadline for Filing Complaint to Determine Dischargeability of Debt. Movant American Family Mutual Insurance Co. was represented by Attorney Brooke Trent. Attorney Derek Hong appeared for Debtors. Carol Dunbar appeared as Chapter 13 Trustee. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) and (I).

**STATEMENT OF THE CASE**

American Family filed Motions to extend deadlines to file a claim and to file a dischargeability complaint after the deadlines had expired. The deadline to file a dischargeability complaint was August 17, 2009. The deadline to file a proof of claim was September 14, 2009. American Family filed its motions to extend these deadlines on October 5, 2009.

The reason American Family gives for failing to meet the deadlines is that its former counsel failed to relay the notice of the case to American Family. Debtors object to the motions to extend deadlines. They point out that both American Family and its former counsel received notice of the case. Trustee stated at the hearing that unsecured creditors will receive 4.86% of their timely-filed claims through Debtors' 48-month plan. If American Family's claim is allowed as an unsecured claim in the amount appearing on Schedule F, i.e., $22,031, it and all other unsecured creditors will receive 3.46% of their claims.

**PROOF OF CLAIM DEADLINE**

"For cause shown," the court may enlarge certain time periods on a request made within the original time period. Fed. R. Bankr. P. 9006(b)(1). If the request is made after the period has expired, certain time periods may be enlarged where the failure to act is the result of "excusable neglect." Id. Rule 9006(b)(3), however, limits the court's discretion in enlarging the time to file a proof of claim in a Chapter 13 proceeding to the exceptions enumerated in Rule 3002(c)(1)-(6), none of which authorizes the filing of a late claim on grounds of "excusable neglect." In re Griggs, 306 B.R. 660, 664 (Bankr. W.D. Mo.

2004). Therefore, "excusable neglect" is not a basis for allowance of late claims in Chapter 13. See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Pshp. 507 U.S. 380 (1993); In re McLaughlin, 157 B.R. 873, 876 (Bankr. N.D. Iowa 1993).

### DEADLINE FOR DISCHARGEABILITY COMPLAINT

Federal Rule of Bankruptcy Procedure 4007(c) establishes a deadline for filing a complaint to determine dischargeability of a debt under § 523(c) of 60 days after the first date set for the meeting of creditors. In re Harbaugh, 301 B.R. 317, 320 (B.A.P. 8th Cir. 2003). Rule 4007(c) is analogous to a statute of limitation and strictly construed. Harbaugh, 310 B.R. at 320. It permits the court to extend the deadline for cause if the motion for extension is "filed before the time has expired." Fed. R. Bankr. P. 4007(c). Rule 9006(b), which governs enlargements of time, states: "The court may enlarge the time for taking action under Rule ... 4007(c) ... only to the extent and under the conditions stated in [that rule]." Thus, Rule 4007(c) permits an extension of time to file dischargeability complaints only when a request is filed before the time has expired. Harbaugh, 301 B.R. at 320; In re Heeren, 2005 WL 1200995, at *1 (Bankr. N.D. Iowa May 16, 2005).

### ANALYSIS

The Bankruptcy Rules allow the deadlines to file a dischargeability complaint and to file a proof of claim to be extended if a request is made before the deadline expires. A party's excusable neglect in failing to meet the deadline is not a basis for granting an untimely request. American Family filed its Motions requesting enlargement of time after the deadlines had already expired. Under the Rules, these requests are untimely and may not be granted. Even if the Court could consider "excusable neglect," American Family's explanation for its failure to meet the deadlines is not sufficient to meet that standard.

**WHEREFORE**, the Motion to Extend Deadline for Filing Proof of Claim and Motion to Extend Deadline for Filing Complaint to Determine Dischargeability of Debt are DENIED.

DATED AND ENTERED:
October 20, 2009

_____
PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE

2